UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

PHILLIP INEGBENEBO,

                Plaintiff,

v.	6:15-CV-1217
  (GTS/TWD)

TROOPER DANIEL C. SNYDER,

                Defendant.
_____

APPEARANCES:	OF COUNSEL:

PHILLIP INEGBENEBO
  Plaintiff, *Pro Se*
11 Bruce Avenue, Apt. 2F
Yonkers, New York 10795

HON. ERIC T. SCHNEIDERMAN	RACHEL M. KISH, ESQ.
Attorney General for the State of New York	Assistant Attorney General
  Counsel for Defendant
The Capitol
Albany, New York 12224

GLENN T. SUDDABY, Chief United States District Judge

## DECISION and ORDER

      Currently before the Court, in this *pro se* civil rights action filed by Phillip Inegbenebo ("Plaintiff") against the above-captioned employee of the New York State Police ("Defendant") arising out of an alleged false arrest and prosecution, are (1) Defendant's motion to dismiss Plaintiff's Complaint for failure to prosecute and/or failure to comply with a Court Order pursuant to Fed. R. Civ. P. 41(b), and (2) United States Magistrate Judge Thérèse Wiley Dancks' Report-Recommendation recommending that Defendant's motion be granted and that Plaintiff's Complaint be dismissed without prejudice. (Dkt. Nos. 24, 26.) None of the parties have filed objections to the Report-Recommendation and the deadline in which to do so has expired. (*See*

*generally* Docket Sheet.) After carefully reviewing the relevant papers herein, including Magistrate Judge Dancks' thorough Report-Recommendation, the Court can find no clear-error in the Report-Recommendation:[1] Magistrate Judge Dancks employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. As a result, the Report-Recommendation is accepted and adopted in its entirety for the reasons set forth therein, Defendant's motion is granted, and Plaintiff's Complaint is dismissed without prejudice. (*Id*. at Part II.)

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Dancks' Report-Recommendation (Dkt. No. 26) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Defendant's motion to dismiss Plaintiff's Complaint for failure to prosecute and/or failure to comply with a Court Order pursuant to Fed. R. Civ. P. 41(b) (Dkt. No. 24) is **GRANTED**; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED without prejudice**; and it is further

**ORDERED** that the Clerk of the Court shall enter Judgment for Defendant and close this action.

Dated: November 23, 2016
 Syracuse, New York

_____
HON. GLENN T. SUDDABY
Chief United States District Judge

---

[1] When no objection is made to a report-recommendation, the Court subjects that report-recommendation to only a clear error review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id*.; *see also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks omitted).